Van Voorhis, J. (concurring).
“Loiter” assumes different meanings according to the circumstances. As this word is construed in Judge Dye’s opinion, I think that it signifies in section 722-b of the Penal Law that every person not the parent or legal guardian of a pupil in regular attendance at a school is forbidden to enter the school building or grounds without written permission from the principal, custodian or other person in charge — except for the purpose of obtaining such permission. Necessarily the teaching and maintenance staffs of the school are excepted. Posted rules or regulations governing the use of the school building or grounds may provide for the admission of other persons on other occasions, and the use of such buildings and grounds is, of course, subject also to the provisions of the Education Law. This is the gist of Judge Dye’s opinion, as I read it, with which I agree. The rigor of section 722-b, thus construed, is a proper exercise of the police power in view of the problem of maintaining order in the schools, nor is the term “ loitering ” defective on account of vagueness in defining the offense if “ loitering ” is construed in this manner.